COOLEY LLP
MICHAEL G. RHODES (116127)
(mrhodes@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  (415) 693-2000
Facsimile:  (415) 639-2222

Attorneys for Defendant
Facebook, Inc.

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:      (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Defendant
Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No.  5:13-CV-01356-EJD <br><br> **DEFENDANT FACEBOOK'S NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> **DATE:    JANUARY 10, 2014** <br> **TIME:    9:00 A.M.** <br> **JUDGE:   HON. EDWARD J. DAVILA** <br> **COURTROOM: 4, 5TH FLOOR** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 5:13-CV-01356-EJD

FACEBOOK'S MOTION TO STAY
PENDING *INTER PARTES* REVIEW

1

## NOTICE OF MOTION AND MOTION

2       PLEASE TAKE NOTICE that on January 10, 2014 at 9:00 a.m., or as soon thereafter as

3  may be heard by the Court, Defendant Facebook, Inc. ("Facebook") will and does respectfully

4  move for a stay of the above captioned action pending final resolution of *inter partes* review

5  ("IPR") proceedings by the Patent Trial and Appeal Board ("PTAB") of the Patent and

6  Trademark Office ("PTO") of U.S. Patent No. 5,978,791, U.S. Patent No. 6,415,280, and U.S.

7  Patent No. 7,802,310 (collectively, "patents-in-suit"), asserted by Plaintiff PersonalWeb

8  Technologies, LLC ("PersonalWeb") in this action.  This Motion is based on this Notice of

9  Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration

10  of Reuben H. Chen in Support of this Motion with accompanying exhibits ("Chen Decl.") and

11  such other evidence and argument as may be presented at or before any hearing on this Motion.

12       In the event the Court holds oral argument on this Motion, Facebook respectfully requests

13  that the Court hear this Motion in conjunction with similar motions filed in the following related

14  cases, which are currently set for hearing for January 10, 2014:

15       • Defendants EMC Corporation ("EMC") and VMware, Inc.'s ("VMware") Motion

16            to Stay Pending *Inter Partes* Review (ECF No. 8) in *PersonalWeb Technologies,*

17            *LLC and Level 3 Communications, Inc. v. EMC Corporation and VMware, Inc.*,

18            Case No. 5:13-cv-01358-EJD[1];

19       • Defendant NetApp, Inc.'s ("NetApp") Motion to Stay Pending *Ex Parte*

20            Reexamination and *Inter Partes* Review (ECF No. 151) in *PersonalWeb*

21            *Technologies, LLC and Level 3 Communications, Inc. v. NetApp, Inc.*, Case No.

22            5:13-cv-01359-EJD.

23

24

## STATEMENT OF REQUESTED RELIEF

25       Facebook respectfully requests that the Court stay this action pending the final resolution

26  of IPRs of the patents-in-suit.

27
_____

28  [1] Hereafter, citations to the docket in the EMC/VMware case will use the format "1358 Case ECF No."

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3      PersonalWeb has accused Facebook of infringing certain claims of the '791, '280 and
4  '310 patents.  All of the asserted claims, however, are currently implicated in *inter partes* review
5  proceedings in which the validity of each claim asserted against Facebook is being challenged.
6  The petitions for *inter partes* review cite new, relevant prior art not previously cited in the initial
7  patent prosecutions, and demonstrate that every asserted claim is invalid.  EMC, VMware, and
8  NetApp, defendants in two related cases before the Court, have already moved to stay their
9  proceedings pending IPRs.  For many of the same reasons expressed by those parties, a stay of
10  this action is appropriate.

11      This District has long promoted a liberal policy in favor of staying patent litigation while
12  parallel invalidity proceedings are ongoing in the PTO.  The policy, which was developed in the
13  context of patent reexamination proceedings, applies with even greater strength here in the
14  context of IPR.    Compared with patent reexamination and even litigation, IPR is a quick
15  procedure.  The PTO must grant or deny a petition for IPR within six months, and must generally
16  complete the IPR within one year thereafter.  A stay in this case is appropriate under all of the
17  factors courts consider when staying litigation pending PTO proceedings.

18  ## II.    STATEMENT OF ISSUE TO BE DECIDED

19      Should this action be stayed, in order to conserve judicial and party resources, pending the
20  final resolution of IPRs of the patents-in-suit?

21  ## III.    FACTUAL AND PROCEDURAL BACKGROUND

22      ### A.    PersonalWeb's Lawsuits Against Facebook and Others

23      On September 17, 2012, PersonalWeb, a patent-assertion entity, filed suit against
24  Facebook in the Eastern District of Texas, alleging infringement of the patents-in-suit.  (EDTX
25  ECF No. 1.)[2]  Facebook, along with many of the other defendants in that action, moved to transfer

26

---

27  [2] ECF citations preceded by "EDTX" are to docket entries in this case filed before Judge Leonard
28  Davis in the Eastern District of Texas (Case No. 6:12-cv-00662-LED) prior to transfer.  All other
ECF citations are to the docket entries for this case in the Northern District of California.

1  venue to this District under 28 U.S.C. § 1404(a).  On March 21, 2013, Judge Davis conditionally

2  granted Facebook's motion to transfer, but retained the case pending completion of a *Markman*

3  hearing, and subsequent issuance of that court's claim construction order.  (EDTX ECF No. 45.)

4  On August 5, 2013, Judge Davis issued a claim construction order and transferred the present

5  action to the Northern District of California.  (EDTX ECF Nos. 100, 101.)

6      Discovery is underway in this action but much of the costly discovery has yet to occur.

7  To date only a single deposition (a deposition of Facebook's document custodian) has occurred,

8  no expert discovery has occurred, and no summary judgment motions have been filed.  The Court

9  has set a preliminary pre-trial conference for July 25, 2014.  (ECF No. 25.)

10      **B.    Overview of IPR Proceedings**

11      The purpose of the America Invents Act ("AIA") is "to establish a more efficient and

12  streamlined patent system that will improve patent quality and limit unnecessary and

13  counterproductive litigation costs."  H.R. Rep. No. 112-98 (part 1), at 40 (2011).  One of the ways

14  Congress sought to streamline the patent system was with a new proceeding called *inter partes*

15  review, which allows expeditious review by the PTO of patents of dubious validity.  *Inter partes*

16  review allows a full adversarial challenge—including an oral hearing and even discovery—to the

17  validity of the patents under 35 U.S.C. §§ 102 and/or 103 based on prior art patents and printed

18  publications.  35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53.  The statute established the

19  "Patent Trial and Appeal Board," and each IPR is conducted before a panel of three technically-

20  trained patent judges of the PTAB.  35 U.S.C. §§ 6, 311.

21      The first step in an *inter partes* review proceeding is for the challenger to file a written

22  petition seeking such review.  The patent owner may file a preliminary response within three

23  months.  35 U.S.C. § 313.  The PTAB then determines whether to initiate IPR based on whether

24  the petitioner has shown "a reasonable likelihood that the petitioner will prevail with respect to at

25  least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  The PTAB must make this

26  decision within six months of the petition.  35 U.S.C. § 314.  If IPR is initiated, the PTAB must

27  issue a final determination within one year, which may be extended up to six months for good

28  cause shown.  35 U.S.C. § 316(a)(11).

Given its strict timing requirements, IPR is designed to reduce to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months, 77 Fed. Reg. 48,680, 48,725, 48,721 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.); and to "minimize duplication of efforts . . . [through] more coordination between district court litigation and inter partes review . . . ." *Id.* at 48,721.

### C.    The Asserted Patents and the Pending IPRs

The patents-in-suit[3] are directed to data storage systems that use "substantially unique identifiers" – based on all the data in a data item and only the data in the data item – to identify and access data items. *See, e.g.*, Chen Decl., Ex. A, '791 patent, Title, Abstract, and col. 1, ll. 13-18. PersonalWeb has asserted the following claims against Facebook: claims 30-33 and 41 of the '791 patent, claims 10, 15, 16, 25, 31, and 32 of the '280 patent, and claims 70, 81, 82, and 86 of the '310 patent. All of these claims (and several others) are currently the subject of *inter partes* review proceedings:

| Patent | Challenged Claims | Date of Filing | Challenger |
|---|---|---|---|
| 5,978,791 | 1-4, 29-33, and 41 | December 14, 2012 | EMC/VMware |
| 6,415,280 | 36 and 38 | December 14, 2012 | EMC/VMware |
| 7,802,310 | 24, 32, 70, 81, 82, and 86 | September 18, 2013 | Apple |
| 5,978,791 | 1-4, 29-33, 35 and 41 | October 10, 2013 | Rackspace |
| 6,415,280 | 10, 15, 16, 18, 25, 31-33, 36, and 38 | October 10, 2013 | Rackspace |
| 7,802,310 | 1, 2, 5-8, 10-12, 14, 16-19, 24, 29, 32, 70, 81, 82, and 86 | October 11, 2013 | Rackspace |

(*See* 1358 Case ECF No. 8, Exs. 6 and 8 (EMC and VMware's petitions for *Inter Partes Review*

---

[3] For the convenience of the Court, the patents-in-suit ('791, '280 and '310) are attached as Exhibits A-C to the Declaration of Reuben H. Chen in Support of Facebook, Inc.'s Motion and Motion to Stay Pending *Inter Partes* Review ("Chen Decl.").

for the '791 and '280 patents, respectively); Chen Decl., Exs. D-G, Apple's Petition for *Inter Partes* Review of U.S. Patent No. 7,802,310 and Rackspace's Petitions for *Inter Partes* Review.)

The PTAB granted the *inter partes* review proceedings filed by EMC and VMware, IPR2013-00082 and IPR2013-00083, on May 17, 2013 and has scheduled a final hearing for December 16, 2013.  (1358 Case ECF No. 8, Exs. 19 and 20.)  The PTAB is therefore required to issue a final decision on the EMC/VMware IPRs no more than one year later, i.e., by May 17, 2014.  *See* 37 C.F.R. § 42.100(c).  The PTAB has not yet decided the petitions more recently filed by Apple, Inc. ("Apple"), IPR2013-00596,  and Rackspace US, Inc. and Rackspace Hosting, Inc. (collectively, "Rackspace"), IPR2014-00057, IPR2014-00059, and IPR2014-00062.

## IV.   LEGAL STANDARD

Courts in this district have long recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051 EJD, 2012 WL 1232187, at *2 (N.D. Cal. Apr. 12, 2012) (Davila, J.) (same).[4]  Courts have considered three factors in determining whether to grant a stay pending PTO review of an issued patent: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Pragmatus AV, LLC v. Facebook, Inc.*, *et al.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *2 (N.D. Cal. Oct. 5, 2011) (J. Davila) (internal quotations and citation omitted); *see also Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011) (J. Davila) (same).

"Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and

---

[4]  *Accord Yodlee, Inc. v. Ablaise Ltd.*, No. C-06-07222 SBA, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009) (same); *Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *1 (same) (N.D. Cal. Oct. 4, 2007); *Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *1 (N.D. Cal. May 24, 2006) (same).

1    the expertise of [PTO] officers." *Rembrandt Gaming Techs., LP v. Boyd Gaming Corp.*, No.

2    2:12-cv-00775-MMD-GWF, 2012 WL 6021339, at *1 (D. Nev. Dec. 3, 2012) (internal quotations

3    and citation omitted).   Thus, a stay is "'particularly justified where the outcome of the

4    reexamination would be likely to assist the court in determining patent validity and, if the claims

5    were canceled in the reexamination, would eliminate the need to try the infringement issue.'"

6    *See, e.g., Convergence Techs.*, 2012 WL 1232187, at *1 (quoting from *In re Cygnus Telecomms.*

7    *Tech., LLC, Patent Litig.,* 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)); *Droplets, Inc. v. Yahoo!*

8    *Inc.*, Nos. 12-cv-03733-JST, 12-cv-04049-JST, 2013 WL 5116002, at *1 (N.D. Cal. Sept. 13,

9    2013) (order granting stay pending *inter partes* reexamination and noting that "final

10   determination of the USPTO is quite likely to simplify issues.").

11       Although *inter partes* review is a relatively new procedure, district courts within the Ninth

12   Circuit have repeatedly affirmed that the "liberal policy" applies with full force to *inter partes*

13   review proceedings.   *See, e.g., Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-

14   01861-JGB(MLGx), 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (after noting the liberal

15   policy in favor of granting stays adopted by the N.D. Cal. in the *ASCII Corp*. case, the court

16   granted a stay pending petition for *inter partes* review and noted that "the amended standards for

17   granting *inter partes* review probably results in an even higher likelihood than under the prior

18   standard that the issues in the action will be simplified by the reexamination") (internal quotations

19   and citation omitted); *accord Software Rights Archive, LLC v. Facebook, Inc. et al.*, Nos. C-12-

20   3970 RMW, C-12-3971 RMW, C-12-3972 RMW, 2013 WL 5225522,  at *6 (N.D. Cal. Sept. 17,

21   2013); Chen Decl., Ex. H, *Grobler v. Sony Computer Entm't Am. LLC*, No. 12-cv-01526-JST,

22   ECF No. 80 at 1 (N.D. Cal. July 29, 2013); *Semiconductor Energy Lab. Co. v. Chimei Innolux*

23   *Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012).

24   **V.    ARGUMENT**

25       All three factors traditionally considered in deciding whether to grant a stay weigh

26   strongly in favor of granting a stay here.   Before the Court and the parties expend further

27   resources, the PTO should be allowed to complete its review, which will narrow the issues in

28   these actions and possibly eliminate them altogether.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.     The Stage of This Case Favors a Stay

The first element of the stay analysis focuses "on the stage of litigation proceedings, not the length of time that has passed since the filing of the case." *Wireless Recognition Tech. v. A9.com Inc.*, No. 12-cv-01217-EJD, 2012 WL 4005459, at *2 (N.D. Cal. Sept. 11, 2012) (J. Davila).

As discussed above, PersonalWeb filed its case against Facebook in September 2012 and the case was only recently transferred to the Northern District of California in August 2013. Although discovery is underway in this case, many of the most costly stages of the litigation have yet to occur.  To date only one factual deposition has occurred, no expert discovery has occurred, and no summary judgment motions have been filed.  The Court has set a preliminary pre-trial conference for July 25, 2014 (ECF No. 25), whereas the PTO has scheduled a final hearing for EMC and VMware's IPRs for December 16, 2013, (1358 Case ECF No. 8, Exs. 19 and 20), and is statutorily required to issue final decisions on the IPRs "not later than 1 year" after the petitions were granted—May 17, 2014.[5]  37 C.F.R. § 42.100(c).  While the petitions filed by Apple and Rackspace have not yet been granted, as the statistics cited below indicate, it is highly likely that review will be granted.

Courts have repeatedly stayed cases with similar procedural postures to the one here.  In *Convergence Techs.*, 2012 WL 1232187 , for example, this Court found that the case had "not reached the 'point of no return' for which a stay would [be] inappropriate," despite the fact that the case had been pending for more than two years and the parties were engaged in discovery and had already filed claim construction briefs.  *Id*. at *4; *see also AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (finding that the stage-of-the-proceedings factor weighed in favor of a stay where the parties had not exchanged expert reports or taken any depositions, but had filed claim construction briefs).  Similarly, in *Yodlee, Inc.*, 2009 WL 112857, a stay was granted where a *Markman* hearing had already been held, and a decision on claim construction had already been issued, in a concurrent litigation on the identical patent claims.

---

[5] The one-year period may be extended for good cause by not more than 6 months, although "[e]xtensions of the one-year period are anticipated to be rare." 77 Fed. Reg. at 48,695.

1    *Yodlee*, 2009 WL 112857,  at *1-*2, *6-*7.  In fact, courts have granted stays even in cases far

2    more advanced than this one.  *See, e.g., Motson v. Franklin Covey Co.*, No. 03-cv-01067 (RBK),

3    2005 WL 3465664, at *2 (D.N.J. Dec. 16, 2005) (granting stay despite discovery being complete

4    and summary judgment decided).

5             **B.      *Inter Partes* Review Will Simplify The Issues For Trial**

6             The requested IPR proceedings will streamline this litigation and, in fact, may entirely

7    eliminate it.  The IPR petitions involve all of PersonalWeb's asserted patent claims against

8    Facebook.  Even if one or more claims survive, the IPR proceedings will narrow the issues in any

9    future litigation.

10            Failing to stay this litigation, in fact, may result in an enormous waste of judicial and party

11   resources.  This was illustrated by the Federal Circuit's recent decision in *Fresenius USA, Inc. v.*

12   *Baxter International Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), which involved a long-running

13   litigation before Judge Phyllis Hamilton.  The *Fresenius* litigation began in 2003 and lasted for

14   nearly a decade, including a jury verdict of infringement and an earlier appeal to and remand by

15   the Federal Circuit, before the district court entered judgment in favor of the patent holder in

16   2012.  *Id.* at 1332-35.  The patent-in-suit had been found valid by a jury, which was affirmed by

17   an interim decision from the Federal Circuit.  *Id.*  That same patent-in-suit, however, was also

18   involved in a parallel reexamination proceeding resulting in a finding that all asserted claims were

19   obvious based on the prior art.  *Id.* at 1334-35.  The district court had been asked during the

20   reexamination to stay the case in light of the reexamination, but declined to do so.  *Id.* at 1335.

21            The Federal Circuit held that the cancellation of the claims in the reexamination precluded

22   the patent holder's infringement judgment, notwithstanding a jury verdict and an interim appellate

23   decision finding the asserted patents valid.  The Federal Circuit reasoned that the cancellation of

24   the asserted claims in the reexamination procedure required that the district court proceedings be

25   vacated because "the reexamination statute restricts a patentee's ability to enforce the patent's

26   original claims to those claims that survive reexamination in 'identical' form."  *Id.* at 1339.

27            The *Fresenius* litigation, in the end, presents a cautionary tale on the potential

28   consequences of allowing district court litigation to proceed in parallel with PTO proceedings.

1    The result of not staying the litigation in *Fresenius* was nearly a decade of litigation, with untold

2    costs for the parties and expenditure of resources by the Court—all for naught.

3        The outcome of IPRs in the present action could have a similar effect of wiping out, or at

4    a minimum substantially reducing, the scope of this litigation.  The IPR proceedings filed by

5    EMC and VMware, for example, have already expanded the intrinsic record for claim

6    construction, as recognized by Judge Davis prior to the transfer of this action.  (*See*, *e.g.*, EDTX

7    ECF No. 100 at 20-21.)  The IPR proceedings will likely continue to provide intrinsic evidence

8    that will need to be considered to properly reach the merits of this case.  The IPR proceedings will

9    eliminate trial of claims that are canceled, and in the unlikely event any claim survives, facilitate

10   trial of that claim with the Court having the expert view of the PTO.  *See Semiconductor Energy*,

11   2012 WL 7170593, at *2.

12       Recent PTO statistics further support a stay.  Through August 2013, 87% of petitions for

13   *inter partes* review have been granted.[6]  Additionally, in the prior reexamination context, 42% of

14   reexaminations resulted in claims that are cancelled or disclaimed in their entirety, which if

15   occurred here, as it likely may, would effectively eliminate the need for this litigation.

16       **C.    A Stay Will Not Unduly Prejudice PersonalWeb**

17       PersonalWeb will not be unduly prejudiced by a stay, due to the fast statutory schedule for

18   IPRs and the nature of PersonalWeb's business and claims.  *Semiconductor Energy*, 2012 WL

19   7170593, at *3 ("delay caused by the new [petition for *inter partes* review] procedure is

20   significantly less than the delay caused by the old [reexamination] procedure").  PersonalWeb

21   will not be any more prejudiced by delay than any other plaintiff whose patent infringement claim

22   is stayed pending a petition for *inter partes* review.  *See Star Envirotech*, 2013 WL 1716068, at

23   *2 (plaintiff provided no other justification other than it "needs to diligently enforce its patent

24   rights to have a legitimate chance of success in the marketplace"; the court held the "IPR is a

25   procedure that aids in that enforcement of patent rights while streamlining the issues in need of

26   litigation") (citation omitted).  Particularly, given the quick schedule for *inter partes* review, "'the

27

28   ────────────
     [6] *See* http://www.alston.com/advisories/inter-partes-review/ (Chen Decl., Ex. I).

1    mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a]

2    request for a stay.'" *Semiconductor Energy,* 2012 WL 7170593, at *3 (quoting *Tierravision, Inc.*

3    *v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 WL 559993, at *3 (S.D. Cal. Feb. 21, 2012)).

4         Moreover, PersonalWeb will not be prejudiced because it has no reasonable basis for

5    seeking anything other than monetary damages.  PersonalWeb has not alleged that it competes

6    directly with Facebook nor has it sought a preliminary injunction.  Thus, no prejudice will flow to

7    PersonalWeb from a stay.  *See*, *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12- 1744-GMS, 2013

8    WL 3353984,  at *5 (D. Del. July 2, 2013) (order granting motion to stay pending *inter partes*

9    and finding no prejudice because patent owner had not sought a preliminary injunction and was

10    not a direct competitor); *Convergence Techs.*, 2012 WL 1232187, at *2-*3 (granting motion to

11    stay, in part, because plaintiff did not practice the asserted patent and was not in direct

12    competition with defendant).  Delaying any monetary relief is simply not prejudicial.  *See, e.g.,*

13    *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at

14    *3 (W.D. Wash. Feb. 9, 2009) ("Courts have consistently found that a patent licensor cannot be

15    prejudiced by a stay because monetary damages provide adequate redress for infringement.");

16    *Broad. Innovation, LLC v. Charter Commc'ns, Inc.*, Civ. A. No. 03-cv-2223-ABJ-BNB, 2006

17    U.S. Dist. LEXIS 46623, at *33-34 (D. Colo. July 11, 2006) ("this factor weighs in favor [of]

18    staying the case because monetary relief . . . is fully capable of restoring Plaintiffs to the *status*

19    *quo ante*").

20  **VI.**    **CONCLUSION**

21         Because all three factors in determining whether a stay is appropriate weigh in favor of a

22    stay, Facebook respectfully requests the Court stay this action pending final resolution of IPRs of

23    the patents-in-suit.

24    Dated: November 13, 2013          COOLEY LLP

25                             */s/ Reuben H. Chen*

26                             Reuben H. Chen (228725)

27                          Attorneys for Defendant Facebook Inc.

28